Sheboygan Boot & Shoe Co. and others vs. Miller and others.

———————

SHEBOYGAN BOOT & SHOE COMPANY and others, Appellants, vs. MILLER and others, Respondents.

*April 18 — May 3, 1898.*

*Fraudulent conveyance: Evidence of fraud.*

Evidence showing that a deed of land, though recorded, was executed without the knowledge of the grantee, and was never delivered to him until after an action was commenced to set it aside, and was not intended to be delivered except upon condition that he immediately execute a conveyance back to his grantor, and that the object of the transaction was to place the title of the property beyond the reach of the grantor's creditors, is sufficient to show that such deed was fraudulent.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action in equity to set aside a conveyance of real estate alleged to have been made by defendant *F. A. Miller* to defendant *Leon Miller*, with intent to defraud the creditors of the former, and to subject such real estate to the payment of the debts owing by *F. A. Miller* to plaintiffs. The only issue raised by the answer was as to whether the conveyance was made to defraud creditors as alleged. The trial court found, in substance, as follows:

(1) On the 7th day of October, 1895, defendant *F. A. Miller* was the owner of the lands described in the complaint,

and for more than four years prior thereto he had been such owner; and during all the time he had been in actual possession of the same as a place of residence for himself and family, and he had no other residence or dwelling place during such time.

(2) None of the allegations of the complaint are sustained by the evidence.

(3) Defendants are entitled to judgment dismissing the complaint with costs.

Such findings were duly excepted to, and this appeal was taken from the judgment entered in accordance with such findings.

For the appellants there was a brief by *Goodrich & Goodrich*, and oral argument by *A. B. Goodrich*.

For the respondents there was a brief by *B. A. Cady*, attorney, and *Felker, Stewart & Felker*, of counsel, and oral argument by *C. W. Felker*.

MARSHALL, J. All of the facts alleged in the complaint, necessary to sustain the cause of action to set aside the conveyance of *F. A. Miller* and wife to *Leon Miller*, and to subject the land in question to the payment of plaintiffs' judgments against the alleged fraudulent grantor, were admitted by the answer, except such as relate to the subject of fraud; so the only question to be considered on this appeal is, Does the evidence establish the allegations of the complaint that the conveyance of the land was made with the intent to hinder, delay, and defraud the grantor's creditors? True, the court found that the premises in question, at the time they were conveyed, constituted the homestead of *F. A. Miller* and wife, but there is no satisfactory evidence in the record to sustain such finding, and no such claim was made by the answer. The evidence is to the effect that *F. A. Miller* had no other home in the village where the premises were situated; that he had resided there for some years, but

that he had a farm elsewhere to which he removed either shortly before or shortly after the deed was made,— most likely it. was before the making of the deed, because the premises in question were rented prior thereto.

It follows, as stated, that the sole question for consideration is, Does the evidence sustain the allegations of the complaint that the deed was made with intent to hinder, delay, and defraud *F. A. Miller's* creditors. On that subject Williams, a justice of the peace who drew the deed, testified in substance that it was made in his office and drawn at the request of the grantor, *Leon Miller* not being present; that after the deed was drawn and executed it was left with the witness by the grantor with instructions to have it recorded and then returned to his office and held subject to *F. A. Miller's* order; that it was sent for record accordingly, and then returned and retained for *F. A. Miller* as requested till after the commencement of this action, and then delivered to him; that the witness did not know *Leon Miller* in the transaction at all. Williams further testified that *Miller* told him at the time the deed was drawn, that he had matters coming up in court and wanted to make the deed in order to be prepared therefor; that the consideration was of no consequence, but to put it in $1,300; that after the deed was drawn *Miller* said he would have *Leon* come in and make a deed back and leave that in witness' possession. *Leon Miller* testified, but, without giving his evidence in detail, it showed clearly that he know nothing about the transaction of making of the deed, at the time it was made, and that it was not in his possession till after the commencement of this action. It would serve no valuable purpose. to go through his evidence at length. Suffice it to say that, so far as it touches upon the question of the delivery of the deed, or the circumstances leading up to the making thereof, it is so contradictory, uncertain, and unrea-

sonable as not to be entitled to consideration except to establish the fraud alleged.

From the foregoing the conclusion is irresistible that the deed in question was never delivered to *Leon Miller* prior to the commencement of this action, and was never intended to be delivered to him except upon condition of his immediately making a conveyance back to *F. A. Miller*, and that the whole transaction was an attempt to place the title of the property in question beyond the reach of *F. A. Miller's* creditors. So the finding of the trial court that the allegations of the complaint on the subject of fraud were not supported by the evidence, cannot be sustained. On the contrary, they are supported by all the credible evidence in the case, and are established beyond all reasonable controversy. The findings of the trial court should have been accordingly, and judgment should have been rendered in plaintiffs' favor in accordance with the prayer of the complaint.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment in accordance with the prayer of the complaint.